## 11137

### *EX PARTE* CHARLESTON REPUBLIC TRUCK CO.
### CHARLESTON REPUBLIC TRUCK CO v. KENDRICKS
#### (115 S. E., 820)

JUDGMENT—JUDGMENT ON COUNTERCLAIM VACATED WHERE ADVERSE PARTY MISLED.—Where in an action, a counterclaim was pleaded, and plaintiff's counsel were misled by a letter from defendant's counsel, in which nothing was said about pressing the counterclaim, but from which it could reasonably be inferred that if certain costs were not paid under a former Court order the complaint would be dismissed and the whole proceeding ended, judgment on the counterclaim will be vacated.

Before MEMMINGER, J., Colleton, April, 1922. Reversed.

Action by the Charleston Republic Truck Company against N. H. Kendricks. Judgment for defendant on his counterclaim, and from an order refusing a motion to vacate and set aside the judgment, plaintiff appeals.

*Messrs. Howell & Fishburne,* for appellant, cite: *Right to reopen judgment:* 64 S. C., 343; 105 S. C., 421. *Test of a*

*meritorious defense:* 107 S. C., 484; 84 S. C., 145; 92 S. C., 95.   *Excusable negligence,* 82 S. C., 505; 51 S. C., 406; 56 S. C., 16.   *Discretion:* 47 S. C., 488.   *Agreement between parties binding:* 23 Cyc., 920, 962; 50 S. C., 501; 54 A. L. R., 218; 15 R. C. L., 214, 216.

*Messrs. Padgett & Moorer,* for respondent, cite: *Reopening judgments:* 93 S. C., 495; 105 S. C., 421; 1 Black Judgts., Sec. 346.   *Discretion of Judge:* 56 S. C., 21; 108 S. C., 395.   *Neglect must be excusable:* 73 S. C., 207; 32 S. C., 86.

February 8, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Memminger, April 17, 1922, refusing a motion to vacate and set aside the judgment obtained in this cause on the ground of mistake, surprise, inadvertence, and excusable neglect, and on the further ground that such judgment was obtained in violation of an agreement made between plaintiff's and defendant's attorneys, to the effect that the cause would not be tried at the fall term, 1921, of the Court of Common Pleas for Colleton County, but would be dismissed.

The exceptions, nine in number, allege error on the part of Judge Memminger in refusing to vacate the judgment. We will not discuss them *seriatim* as we think that his order should be reversed so far as the judgment of defendant upon his counterclaim is concerned, on the ground that Mr. Moorer's letter of October 17, 1921, to Messrs. McMillan & Heyward, plaintiff's counsel, at that time, misled plaintiff's counsel.   He said nothing about pressing counterclaim, and plaintiff's counsel reasonably inferred that if the costs were not paid under the terms of Judge DeVore's order, the complaint would be dismissed and the whole proceeding ended.   Mr. Moorer in that letter uses the following language:

"Of course if it is the intention of the Charleston Republic Truck Company to have the cause dismissed, without the payment of this back costs, that will be satisfactory to us."

The plaintiff made no attempt to comply with the order of Judge DeVore, and the complaint should be dismissed, under the terms of Judge DeVore's order; but the appeal from Judge Memminger's order is sustained, and judgment on defendant's counterclaim is vacated and set aside, and case remanded for trial of counterclaim on its merits and issues as made.

Order appealed from reversed.

Mr. Chief Justice Gary and Mr. Justice Fraser concur.

Mr. Justice Cothran (concurring and dissenting) : I concur with Mr. Justice Watts in so much of his opinion as concludes that the judgment in favor of the defendant upon his counterclaim should be reversed, but am of opinion that either the entire proceedings, including both complaint and counterclaim, should be dismissed, or that the *status quo* of the entire case, complaint and counterclaim, should be restored as of the date of Mr. Moorer's letter of October 17, 1921, with leave to the plaintiff, if he should so desire, to pay the costs taxed and restore the entire case to the calendar for trial, and that in default thereof that the complaint be dismissed and the defendant allowed to proceed upon his counterclaim.

The following facts appear without controversy:

On May 5, 1920, the plaintiff instituted an action in the Court of Common Pleas for Colleton County against the defendant in claim and delivery, based upon a chattel mortgage of a certain truck, executed by the defendant to secure the payment of notes aggregating $1,250, difference in an exchange of trucks made by the parties. The plaintiff was represented by its attorneys, Messrs. McMillan & Heyward of Charleston. The defendant, through his attorneys,

Messrs. Padgett & Moorer of Walterboro, served an answer, admitting the execution of the notes and mortgage and setting up a counterclaim of $5,000 for damages resulting from certain breaches by the plaintiff of the contract of exchange. The plaintiff duly replied to the counterclaim, and the cause was docketed on Calendar 1. It was called for trial at March term, 1921, Judge DeVore presiding. The plaintiff's attorneys were present, and after some delay, during which they were communicated with by telephone, and as it appears without serious opposition on the part of defendant's counsel, Judge DeVore passed an order continuing the case, and provided in the order that, if the plaintiff failed to pay the cost to date as taxed under his order within thirty days after they were taxed, the complaint be dismissed. No steps were taken by the defendant's counsel to have the costs taxed until October 1, 1921, at which time they were taxed at $47.35 of which proposed taxation the plaintiff's attorneys were notified on September 23, 1921. On September 24, 1921, the plaintiff's attorneys notified their clients of the proposed taxation, and advised that the costs had to be paid or "the case" would be forthwith dismissed, and judgment entered against plaintiff therefor.

Under Judge DeVore's order the plaintiff had thirty days after the taxation of costs on October 31, 1921, to exercise its option of paying the costs and proceeding with the case or of having the complaint dismissed. Early in October, before the expiration of the thirty days, at a meeting of the Walterboro bar, called to arrange a roster of jury cases,. this case, in the language of defendant's counsel, was "put on the docket *tentatively* for trial on October 24th."

On October 17th, a week before the date of the tentative assignment, the defendant's attorneys wrote to the plaintiff's attorneys as follows:

"We had the case of *Charleston Republic Truck Co. v. Kendricks* put on the docket tentatively for trial on October

24th. We say tentatively because we anticipate that before then you gentlemen will let us have your check for $47.35 in settlement of the costs taxed up, and which you have to pay. Of course if it is the intention of the Charleston Republic Truck Co. to have the case dismissed without the payment of this back costs, that will be satisfactory to us.

"Will you please let us know your wishes in this matter, so that we may know whether or not to have our witnesses summoned for the trial? We feel sure that you will extend us this courtesy."

In reply to this letter the attorneys for the plaintiff wrote, advising the attorneys for the defendant that it would not be necessary for them to have their witnesses present for the trial on October 24th, that they had advised their client of the status, but had had no reply, and that in their opinion "you are within your rights in having the case dismissed." To this letter the attorneys for the defendant replied on October 22d, saying: "Your letter will relieve us of considerable embarrassment."

Without further notice to our communication from the attorneys for the plaintiff, the case was called for trial on November 3, 1921, a continuation of the October term, I assume on Calendar 1. No attorneys appeared for the plaintiff. The defendant proceeded to introduce evidence in support of his counterclaim, and after the examination of eight witnesses the case was submitted to the jury, which rendered a verdict in favor of the defendant for $2,500 actual damages and $500 punitive damages, upon which judgment has been entered.

On February 2, 1922, the plaintiff filed a petition, which is in effect a motion to vacate the judgment upon the ground of mistake, inadvertence, or excusable neglect. Upon the return of the defendant to the petition or motion, the matter came up before Judge Memminger, who on April 17, 1922, filed an order dismissing the petition, and ordering a reference to ascertain the damages suffered by the defendant by

reason of the order restraining the enforcement of the judgment. From this order the plaintiff has appealed to this Court.

The absence of the attorneys for the plaintiff at the time of the trial upon the defendant's counterclaim was due to the apprehension, induced by the conduct and correspondence of the attorneys for the defendant, innocently no doubt upon their part, that the plaintiff had the option to pay the costs under Judge DeVore's order and proceed with the case or not to pay them and let the entire case go by the board. That such was their apprehension is shown by their letter to their client and by their correspondence with the attorneys for the defendant. If that was in fact their apprehension, and it was known to the defendant's attorneys, as I think from the record it was or should have been, I think that they are as much entitled to relief as if they had been purposely or even actually misled by the conduct of the defendant's attorneys in entertaining that apprehension. Such would certainly present an instance of inadvertence, mistake, or excusable neglect. But I go further than that, and express the conviction that no other reasonable inference could have been drawn from the letters of the defendant's attorneys, particular those of October 17th and 22d, in connection with the letter of the plaintiff's attorney of October 20th.

In the letter of October 17th the defendant's attorneys state that they had placed the case on the roster "tentatively for trial on October 24th," and proceed to explain their meaning in saying "tentatively" as follows:

"We say tentatively because we anticipate that before then you gentlemen will let us have your check for $47.35 in settlement of the costs taxed up and which you have to pay."

In other words the implication is strong that if the costs are not paid the case will be dismissed without a trial, and the tentative assignment will have accomplished its purpose;

if they are paid, the trial will proceed. In addition to that they say :

"Of course, if it is the intention of the Charleston Republic Truck Company *to have the case dismissed* without the payment of this back costs, that will be satisfactory to us."

The highly reputable attorney who wrote this letter deposes that what he meant was that the *complaint* would be dismissed, leaving open for trial the defendant's counter-claim. I do not question his sincerity, but that is not the question. It was whether or not that letter was calculated to create the apprehension on the part of the plaintiff's attorneys that he was free to exercise the option of paying the costs or having the *cause* dismissed. Again, if that statement was calculated to convey the impression that only the complaint would be dismissed, leaving open the counter-claim, the wonder arises why was it necessary to say that such an arrangement would be satisfactory to the defendant's attorneys. If they could accomplish the dismissal of the plaintiff's complaint and go to trial upon their counter-claim, a statement that such a result would be satisfactory goes without saying.

Again the letter requests a statement of the plaintiff's determination "so that we may know whether to have our witnesses summoned for the trial." The answer admits the execution of the note and mortgage, and there was no necessity for the attendance of witnesses except in support of the counterclaim. The natural inference, therefore, was that the matter of the counterclaim would go with the dismissal of the complaint. The reply of the plaintiff's attorneys dated October 20th, clearly shows their apprehension of the situation: "It seems to us that you are within your rights *in having the case dismissed.*" And the reply of defendant's attorneys, dated October 22d, indicates and was calculated to convey the impression that the status as apprehended by the other side was satisfactory: "Your letter

will relieve us of considerable embarrassment"—the embarrassment one would naturally infer from summoning witnesses and preparing for trial along with other costs.

For the foregoing reasons I am convinced that the motion to vacate this judgment upon the defendant's counterclaim should have been granted. The embarrassment arises as to the status of the case after this has been done. Mr. Justice Watts pertinently and correctly observes:

"Plaintiff's counsel reasonably inferred that if the costs were not paid under the terms of Judge DeVore's order, the complaint would be dismissed and the whole proceeding ended."

The "whole proceeding" included both the complaint and the counterclaim. If the failure of the plaintiff to pay the costs in time and to proceed with the complaint was induced, as I have endeavored to show and as the leading opinion holds, by the conduct of the defendant's attorneys, it is not just to hold the plaintiff to a dismissal of the complaint as a result of that failure. At the same time, if the defendant did not intend to waive his right to proceed in his counterclaim, it is not just to deprive him of that right. On the whole I am satisfied that a just disposition of the matter would be: (1) To reverse the order refusing to vacate the judgment; (2) to remand the case to the Circuit Court; (3) to allow the plaintiff thirty days from the filing of this remittitur within which to pay the costs heretofore taxed at $47.35; (4) upon such payment that this case be docketed for trial of all issues originally joined; (5) upon failure of such payment that the complaint be dismissed and this defendant be allowed to proceed upon the counterclaim.

Mr. Justice Marion concurs.